UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
KNOXVILLE DIVISION

| | |
|---|---|
| IN RE MILLER ENERGY RESOURCES, INC. SECURITIES LITIGATION | Civil Action No. 3:11-cv-386-TAV-CCS |

## JUDGMENT APPROVING CLASS ACTION SETTLEMENT

WHEREAS, Lead Plaintiff and Defendants Miller Energy Resources, Inc. ("Miller"), Scott M. Boruff, Paul W. Boyd, David J. Voyticky, David M. Hall and Deloy Miller ("Defendants") entered into a Stipulation and Agreement of Settlement dated September 29, 2014 (the "Stipulation"), which provides for a settlement of this Action (the "Settlement"); and

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms in this Judgment shall have the same meaning as they have in the Stipulation; and

WHEREAS, the Court entered an Order dated October 8, 2014 (the "Preliminary Approval Order") that (i) preliminarily certified, for settlement purposes only, a Class pursuant to Fed. R. Civ. P. 23(a) and (b)(3); (ii) ordered that notice of the proposed Settlement and of the deadline to submit proof of claim forms be provided to potential members of the Class; (iii) scheduled a Final Fairness Hearing; and (iv) provided those persons and entities identified as members of the putative Class with an opportunity either to exclude themselves from the proposed Settlement or to object to the proposed Settlement; and

WHEREAS, the Court held a Final Fairness Hearing on February 3, 2015 to determine, among other things, (i) whether the terms and conditions of the Settlement are fair, reasonable and adequate and should therefore be approved; and (ii) whether judgment should be entered dismissing the Action on the merits and with prejudice as against Defendants; and

NOW, THEREFORE, based on the submissions of the parties, and on the arguments of counsel at the Final Fairness Hearing, it is hereby ORDERED, ADJUDGED AND DECREED as follows:

1. **Incorporation of Settlement Documents.** This Judgment Approving Class Action Settlement incorporates and makes a part hereof:

    (a)  the Stipulation filed with this Court; and

    (b)  the Postcard Notice, Internet Long Form Notice and Publication Notice, each of which were filed with the Court on October 1, 2014.

2. **Jurisdiction.** The Court has personal jurisdiction over all Class members and has subject matter jurisdiction over the Action, including, without limitation, jurisdiction to approve the proposed Settlement, grant final certification of the Class, and dismiss the Action against Defendants on the merits and with prejudice. The Court has personal jurisdiction over Defendants for purposes of enforcing the Settlement.

3. **Final Class Certification.** The Court finds that the Class preliminarily certified in the Preliminary Approval Order meets all of the requirements of Federal Rule of Civil Procedure 23(a) and (b)(3). The Court therefore certifies the Class for settlement purposes of all persons and entities who purchased or otherwise acquired shares of Miller common stock during the period between December 16, 2009 through and including August 8, 2011, and who were damaged thereby. Excluded from the Class are Defendants in the Action; members of the immediate families of the Individual Defendants; any subsidiaries of Defendants; any affiliate, as that term is defined by the federal securities laws, of Defendants, including the 401(k) plans of Miller; any person or entity who is a partner, executive officer, director or controlling person of any Defendant; any entity in which any Defendant has a controlling interest; Defendants' directors' and officers' liability insurance carriers, and any affiliates or subsidiaries thereof; and

2

the legal representatives, heirs, successors and assigns of any such excluded party. Also excluded from the Class is any person or entity who or which properly excluded himself, herself or itself by filing a valid and timely request for exclusion in accordance with the requirements set forth in the Internet Notice.

4. **Adequacy of Representation.** Lead Counsel and Lead Plaintiff adequately represented the Class for purposes of entering into and implementing the Settlement and have fully and adequately represented the Class for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rule of Civil Procedure 23(a)(4). For purposes of the Settlement only, the Lead Plaintiff is appointed as class representative on behalf of all Class Members and the law firm of Grant & Eisenhofer P.A. is appointed as Class counsel.

5. **Notice.** The Court finds that the distribution of the Postcard Notice, the online posting of the Internet Long Form Notice, the publication of the Publication Notice, and the notice methodology: (i) were all implemented in accordance with the Preliminary Approval Order; (ii) constituted the best practicable notice; (iii) constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of the pendency of the Action, of the effect of the Settlement including the Releases, of their right to object to the proposed Settlement, of their right to exclude themselves from the Class, of their right to appear at the Settlement Hearing, and of the deadline for filing a proof of claim in connection with the proposed Settlement; (iv) were reasonable and constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (v) met all applicable requirements of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), the Private Securities Litigation Reform Act of 1995 (15 U.S.C. 78u-4, *et seq.*) (the "PSLRA"), the Rules of the Court, and any other applicable law.

6. **Binding Effect**. The terms of the Stipulation and of this Judgment shall be forever binding on Lead Plaintiff and all members of the Class, as well as all of their heirs, executors and administrators, predecessors, successors, affiliates (as defined in 17 C.F.R. Part 210.1-02.b) and assigns.

7. **Final Settlement Approval.** The Settlement is hereby fully and finally approved as fair, reasonable and adequate, and Lead Plaintiff and Defendants are directed to implement and consummate the Settlement in accordance with the terms and provisions of the Stipulation. The Court approves the documents submitted to the Court in connection with the implementation of the Settlement.

8. **Releases.** The releases as set forth in ¶¶ 3 and 4 of the Stipulation (the "Releases"), together with the definitions of Settled Claims, Defendants' Claims, Defendant Releasees, and Released Plaintiff Parties, are expressly incorporated herein in all respects. The Releases are effective as of the Effective Date and forever discharge, among other things, the Defendant Releasees from any and all claims of liability arising from or related to the Settled Claims, and the Released Plaintiff Parties from any and all claims of liability arising from or related to the Defendants' Claims. The Settled Claims are hereby compromised, settled, released, discharged and dismissed as against the Defendant Releasees on the merits and with prejudice by virtue of the proceedings herein and this Judgment. The Defendants' Claims are hereby compromised, settled, released, discharged and dismissed as against Lead Plaintiff and the members of the Class on the merits and with prejudice by virtue of the proceedings herein and this Judgment.

9. **Permanent Injunction.** The Court permanently bars and enjoins (i) all Class Members (and their heirs, executors and administrators, predecessors, successors, affiliates (as

defined in 17 C.F.R. Part 210.1-02.b) and assigns) from filing, commencing, prosecuting, intervening in, assisting, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to any Settled Claims; and (ii) Defendants from filing, commencing, prosecuting, intervening in, assisting, participating in (as class members or otherwise), or receiving any benefits or other relief from, any other lawsuit, arbitration or other proceeding or order in any jurisdiction that is based upon, arises out of or relates to Defendants' Claims.

10. **No Admissions**. Neither this Judgment, the Stipulation, nor any of their terms and provisions, nor any of the negotiations or proceedings connected therewith, nor any of the documents or statements connected therewith or referred to therein shall be:

(a) admissible in any action or proceeding for any reason, other than an action to enforce the terms of the Settlement or this Judgment;

(b) described as, construed as, offered or received against any of the Defendants as evidence of and/or deemed to be evidence of any presumption, concession, or admission by any of the Defendants of: the truth of any fact alleged by Lead Plaintiff; the validity of any claim that has been or could have been asserted in the Action or in any litigation; the deficiency of any defense that has been or could have been asserted in the Action or in any litigation; or any liability, negligence, fault, or wrongdoing of any of the Defendants;

(c) described as, construed as, offered or received against Lead Plaintiff or any Class members as evidence of any infirmity in the claims of said Plaintiffs and the Class or that damages recoverable under the Complaint would not have exceeded the Settlement Amount;

5

(d) described as, construed as, offered or received against any of the parties to this Stipulation or any of the Defendant Releasees or Plaintiff Released Parties, in any other civil, criminal or administrative action or proceeding, provided, however, that (i) if it is necessary to refer to this Stipulation to effectuate the provisions of this Stipulation, it may be referred to in such proceedings, and (ii) if this Stipulation is approved by the Court, Defendants may refer to it to effectuate the liability protection granted them hereunder; or

(e) described as or construed against the Settling Defendants, Defendant Releasees or the Lead Plaintiff or any Class members as an admission or concession that the consideration to be given hereunder represents the amount which could be or would have been awarded to said Lead Plaintiff or Class members after trial.

11. **Enforcement of Settlement**. Nothing in this Judgment shall preclude any action to enforce the terms of the Stipulation.

12. **Claims Administrator's Fees and Expenses**. The Court retains jurisdiction to consider an application by or on behalf of the Claims Administrator for an award of fees and reimbursement of expenses relating to its implementation of the terms of the Stipulation and/or any orders of this Court.

13. **No Claims For Contribution.** No claims for contribution with respect to the Settlement Amount, the funds in the Escrow Account or amounts distributed to Authorized Claimants or Class Members shall be permitted by or against Defendants.

14. **Rule 11 Findings**. The Court finds that all parties to the Stipulation and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

15. **Modification of Settlement Agreement**. Without further approval from the Court, Lead Plaintiff and Defendants are hereby authorized to agree to and adopt such amendments, modifications and expansions of the Stipulation or any exhibits attached to the Stipulation as: (i) are not materially inconsistent with this Judgment; and (ii) do not materially limit the rights of Class members under the Stipulation.

16. **Extensions of Time**. Without further order of the Court, Lead Plaintiff and Defendants may agree to reasonable extensions of time to carry out any provisions of the Stipulation.

17. **Retention of Jurisdiction**. The Court has jurisdiction to enter this Judgment. Without in any way affecting the finality of this Judgment, the Court expressly retains continuing and exclusive jurisdiction over the Defendants and the Class members for purposes of the administration, interpretation, and enforcement of the Stipulation and of this Judgment. The Court further expressly retains continuing and exclusive jurisdiction over the Class members for all matters relating to the Action.

18. **Dismissal of Action.** The Action, which the Court finds was filed on a good faith basis against the Defendants in accordance with the PSLRA and Rule 11 of the Federal Rules of Civil Procedure based upon all publicly available information, is hereby dismissed on the merits and with prejudice as of the Effective Date, without fees or costs except as otherwise provided in this Judgment.

SO ORDERED this 3rd day of February, 2015.

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE